IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Federal Insurance Co.,                                   3:07CV1859

       Plaintiff,

       v.                                                 ORDER

Barry J. Webne, *et al.*,

       Defendants.

       This is a federal question subrogation suit by Federal Insurance Company (Federal Insurance) against various individuals and two banks, National City Bank (National City) and Sky Bank (Sky). Federal, alleging violations of federal and Ohio law, filed its complaint in the Lucas County, Ohio, Court of Common Pleas. Pursuant to 28 U.S.C. § 1441, defendant National City timely removed the case to this court.

       Pending is National City's motion, in which Sky joins, under Fed. R. Civ. P. 12(e) for more definite statements. [Docs. 5, 6].For the following reasons, the motions shall be granted in part and denied in part.

**Background**

       Plaintiff alleges that one of the individual defendants, Barry J. Webne, diverted and converted more than one million dollars in monies belonging to Block Communications, Inc. (Block). Webne is a former employee of Community Communication Services, Inc. (CCS) and Corporate Protection Services, Inc. (CPS), which are subsidiaries of Block.

Plaintiff further alleges that Webne improperly 1) received money by making unauthorized transfers from Block's bank accounts; 2) created false documentation; 3) manipulated fund transfers and concealed these transfers; 4) made unauthorized electronic transfers to various third persons and concealed these transfers; and 5) laundered funds in the names of himself, Tonya Webne, and High School Pride.com.

Block discovered the alterations, manipulations, and transfers in July 2006. Plaintiff Federal Insurance Co. (Federal) insured CCS and CPS, the subsidiary corporations, against property loss. Federal paid Block $904,741.74 for the loss caused by Webne's defalcations. It sues the banks as subrogee of Block's claims.

As filed, plaintiff's complaint includes ten claims for relief, four of which are at issue in the banks' pending Rule 12(e) motions. These are Federal's claims that the banks:1) were negligent, and their negligence caused the subrogated loss [Claim Four]; 2) violated § 1303.01 *et seq.* of Ohio's Uniform Commercial Code, O.R.C. § 1303.01 *et seq.* [Claim Five]; 3) along with the other defendants, violated the federal RICO statute, 18 U.S.C. § 1962 [Claim Seven]; and 4) along with the other defendants, and, *inter alia*, maliciously, engaged in a civil conspiracy under Ohio common law [Claim Eight].

In their motions for more definite statements, National City and Sky claim that the complaint neither provides sufficient information with respect to the circumstances surrounding their alleged wrong-doing nor meets the heightened pleading requirement required for RICO claims.

More specifically, the defendant banks assert that the complaint is too vague and ambiguous to allow them to prepare a responsive pleading. They further assert that the complaint is missing customer names and account numbers, which they claim they need to provide a full response. In

response, Federal contends that the complaint as written provides sufficient notice and detail, and that the motions for more definite statements are simply fishing expeditions.

## Discussion

### 1. Motions for a More Definite Pleading

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Rule 8(a)(2) requires only notice pleading. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). A complaint need only provide "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Thus, to satisfy the pleading requirements a claimant need only give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) (internal citation omitted).

A motion for a more definite statement should not be used as a substitute for discovery. *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D. Ohio 1984); *Jakovich v. Hill, Stonestreet & Co.*, 2005 WL 3262953, at *3 (N.D. Ohio 2005). Accordingly, a "motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail. . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'" *Schwable v. Coates*, 2005 WL 2002360, at *1 (N.D. Ohio 2005) (quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis.1985)); s*ee also Sky Technologies Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 298 (S.D. Ohio 2000) (A "motion for more definite statement is

3

granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed").

Federal courts generally disfavor motions for more definite statements. In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. *See, e.g., Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F.Supp.2d 1001, 1009 n.9 (W.D. Mich.1998); *Static Control Components, Inc. v. Lexmark Intern., Inc.*, 2005 WL 2122641, *1 (E.D. Ky. 2005); *Schwable, supra,* 2005 WL 2002360 at *1 (N.D. Ohio 2005). As noted by the Supreme Court, the simplified notice pleading standard of Rule 8(a) relies on "liberal discovery rules and summary judgment motions" rather than on technical forms of pleading. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

## 2. Claims

### A. Claims that the Banks were Negligent and Violated the UCC

As previously noted, National City and Sky assert that plaintiff's complaint does not provide adequate information from which to deduce or identify specific wrongs that they committed. Defendant banks argue that Federal's claims, as stated, are vague and ambiguous, and that defendants cannot be expected to frame a responsive pleading. They demand that Federal be required to give a more definite statement outlining the specific instances of wrong-doing to which they are referring to in the claims. Specifically, defendant banks take issue with the broadening of claims by Federal's failing to provide additional information about the circumstances in which that the defendants "were negligent during the performance of their banking services" [Claim Four] and "failed to follow the requirements of Ohio's Uniform Commercial Code [Claim Five].

I disagree with defendants as to Claims Four and Five and conclude that a more definite statement is not needed for those claims. Pretrial discovery can uncover details such as customer names and account numbers, branch locations, information about the "specific orders" and "instructions" given by Block referenced in the complaint and when alleged wrong-doing occurred. Plaintiff's allegations in the complaint as to these two claims suffice for defendants to be able to file a responsive pleading. Accordingly, the motions for more definite statements as to Claims Four and Five shall be denied.

### B.  Claims That the Banks Violated the Federal RICO Statute and Engaged in a Civil Conspiracy

For the purposes of this decision, Claims Seven and Eight share a common issue. The allegation of intentional conduct in Claim Seven is based on alleged fraud by the banks. Similarly, Claim Eight, which alleges civil conspiracy under Ohio common law, is likewise based on allegations of fraud.

Rule 9(b) of the Federal Rules of Civil Procedure imposes heightened pleading requirements for all averments of fraud. The Sixth Circuit reads Rule 9(b) "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal citation omitted). Thus, "allegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* at 162 (internal citation omitted).

In *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389-90 (6th Cir. 1996) (internal modification and citations omitted), the Sixth Circuit stated, "[a] scheme to defraud consists of

5

intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the designed end. The court went on to say, "[t]o allege intentional fraud, there must be proof of misrepresentations or omissions which were reasonably calculated to deceive persons of ordinary prudence and comprehension. Thus, the plaintiffs must allege with particularity a false statement of fact made by the defendant which the plaintiff relied on." *Id.* at 390.

For the following reasons, I conclude that the plaintiff's allegations of fraud fail to meet the requirements of Rule 9(b); the banks' motions for more definite statements shall, accordingly, be granted on Claims Seven and Eight.

### 1. Racketeering Activity under the RICO Statute

Section 1964(c) of the federal RICO statute, 18 U.S.C. § 1961 *et seq.*, creates a civil cause of action for persons whose business or property has been injured by organized, long-term criminal activity. To establish "racketeering activity," the plaintiff must allege at least two predicate acts occurring within a ten year time period. *H.J., Inc. v. Northwesern Bell Telephone Co.*, 492 U.S. 229, 237-38 (1989). Here, plaintiff's RICO claims includes allegations that National City and Sky committed acts of mail and wire fraud, as defined in 18 U.S.C. §§ 1341, 1343; money laundering in violation of 18 U.S.C. § 1956; and racketeering in violation of 18 U.S.C. § 1952.[1]

---

[1]

Federal's complaint avers that the defendant banks:

> engaged in mail fraud . . . by devising or intending to devise schemes and artifices to defraud Block and/or to obtain Block's money or property by means of false and fraudulent representations and omissions . . . engaged in money laundering . . . knowing that the property involved in such financial transactions was the product of unlawful activity . . . engaged in racketeering . . . by traveling or using the mail or any facility in interstate commerce, with intent to distribute the proceeds of an unlawful activity. . . .

6

Mail fraud, wire fraud, money laundering, and racketeering are included in the definition of "racketeering activity" in § 1961. *See* § 1961(1)(B) (listing violations of 18 U.S.C. §§ 1341, 1343, 1956, and 1952). The elements of mail and wire fraud are: 1) a scheme to defraud and 2) use of the mails, or of an interstate electronic communication, respectively, in furtherance of the scheme. *United States v. Brown*, 147 F.3d 477, 483 (6th Cir. 1998). The elements of the money laundering offense that plaintiff alleges are: 1) use of funds in financial transactions; 2) knowledge that the funds involved in the financial transactions are proceeds of unlawful activity; and 3) knowledge that the financial transactions were designed to disguise the nature, location, source, ownership or control of the proceeds. Compl. at ¶ 42. *See* 18 U.S.C. § 1956(a)(1)(B)(i); *see also United States v. Moss*, 9 F.3d 543, 551 (6th Cir. 1993). The elements of racketeering that plaintiff alleges are: 1) traveling or using the mail or any facility in interstate commerce and 2) with intent to distribute the proceeds of an unlawful activity, as defined in 18 U.S.C. §1952(b)(3). Compl. at ¶ 43. *See* 18 U.S.C. §1952.

It is well-established that a victim of a fraudulent scheme cannot assert a RICO claim absent evidence that the defendants made misrepresentations to the victim and the victim relied upon those misrepresentations. *Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 184 (6th Cir. 1993). Further, RICO pleadings must "allege a specific nexus between control of any enterprise and the alleged racketeering activity, as is required under section 1962(b)." *Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315 (6th Cir. 1999) (internal citation omitted).

Here plaintiff fails to allege with particularity any false statements made by defendant banks on which Block relied. As this is a case that contains allegations of fraud, misrepresentation of

---

Compl. at ¶ 41-43.

funds, and forgery of checks, the plaintiff must come provide detailed information that defendant banks committed those specific acts.[2]

The complaint does not enable the banks to determine with any semblance of precision just what they allegedly did to engage in mail fraud, money laundering, racketeering, or any other RICO predicate act. Plaintiff's factual allegations are not sufficient to meet the requirement of Rule 9(b) of the Federal Rules of Civil Procedure; thus, plaintiff's complaint does not state an arguable RICO claim. To cure these deficiencies, plaintiff shall either file a more definite statement or an amended complaint, reciting with specificity the time, place, contents and purposes of the alleged frauds.

### 2. Civil Conspiracy

Defendant banks argue that plaintiff fails to plead the necessary factual allegations to establish an actionable claim for civil conspiracy under Ohio common law.

Ohio defines civil conspiracy as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419 (1995) (internal citation omitted). To establish a claim of civil conspiracy, plaintiff must allege: 1) a malicious combination; 2) of two or more persons; 3) injury to person or property; and 4) existence of an unlawful act independent from the actual conspiracy. *Id*. Malice "is that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another." *Pickle v. Swinehart*, 170 Ohio St. 441, 443 (1960) (internal citation omitted).

---

[2] Indeed, fails to provide or refer to specific false checks or fund transfers. Without that or similar information, the banks do not know what transactions are at issue.

A civil conspiracy claim cannot succeed without an underlying unlawful act. *Dickerson Internationale, Inc. v. Klockner,* 139 Ohio App.3d 371, 380 (2000); *see also Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475 (1998). Under Ohio law, "[a]n act of fraud can serve as the underlying unlawful act . . . ." *Dickerson Internationale, supra,* 139 Ohio App.3d at 380.

Plaintiff has alleged that defendant banks knew the details of Webne's fraudulent acts and thereby conspired with him to injure the plaintiff. But the complaint fails to include an adequately pled underlying fraudulently intentional act. Fraud has not been pled with particularity. Defendant banks' motions to for a more definite statement under Fed.R.Civ.P. 12(e) shall be granted. Alternatively, leave shall be granted to the plaintiff to file an amended complaint presenting its claim of civil conspiracy with sufficient detail and particularity to meet the requirements of Rule 9(b).

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT the National City's and Sky's motions for more definite statements be, and the same hereby are:

1. Granted with respect to Claims Seven and Eight and denied with respect to Claims Four and Five; and

2. Plaintiff shall either file or more definite statement or an amended complaint in compliance with this Order on or before October 1, 2007.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
